## John Martin *v.* Michael McCray, Appellant.

*Practice, C. P.—Striking out testimony—Trial.*

Where a trial judge at the request of defendant immediately strikes out improper and irrelevant testimony, elicited by the plaintiff's cross-examination of defendant, he cannot be convicted of error for not instructing the jury to disregard the testimony entirely, when he has not been requested to give such instruction.

*Evidence—Secondary evidence—Bill for goods sold.*

Secondary evidence of the contents of a bill for goods sold is inadmissible where it appears that the bill is in existence, but has not been produced at the trial.

Argued October 23, 1895.    Appeal, No. 178, October Term, 1895, by defendant, from judgment of C. P. Washington Co., August Term, 1894, No. 2, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for coal and slack sold and delivered. Before McILVAINE, P. J.

At the trial plaintiff's counsel on cross-examination of defendant asked the following questions:

Q. You testified before Justice LOVE in this case when you were sued there? A. Yes, sir. Q. You appealed this case from there, didn't you? A. Yes, sir.

Defendant's counsel moves to strike that out.

The Court: Certainly: it is stricken out.

Ambrose Weaver, a witness for defendant, was asked these questions:

Q. Did you ever have these bills that have been presented in this case on the part of Mr. Martin to the Forrest Oil Company? A. Yes, sir. I have seen them all. I have the original bill, or the original bill is in Bradford; of the copy, Bovaird & Seafang Manufacturing Co. have it. Q. That is the original bill? A. Yes, sir.

Objected to as incompetent.

The Court: If you want to show that Mr. Martin made it out, the original is the best evidence.

Q. You say you saw the original bill?

Objected to as incompetent and immaterial.

The Court: Don't state what was on it.

Q. You saw the original bill, did you? A. Yes, sir, I had all the bills for that well. Q. Now to whom was this bill made out for that coal, $224?

Objected to as incompetent, the bill itself is the best evidence. Objection sustained, exception for defendant and bill sealed. [2]

Verdict and judgment for plaintiff for $224. Defendant appealed.

*Errors assigned* were (1) in not instructing the jury to disregard entirely the evidence elicited from defendant on cross-examination as above; (2) in excluding secondary evidence as to the contents of the bill rendered for coal.

*Albert S. Sprowls, J. M. Braden* with him, for appellant, cited on the first assignment: Shaeffer v. Kreitzer, 6 Binn. 430; Humphreys v. Kelly, 4 Rawle, 305; Nash v. Gilkeson, 5 S. & R. 352; Ingham v. Crary, 1 P. & W. 389; Huntington, etc., R. R. v. Decker, 82 Pa. 124; Stryker v. Ross, 20 W. N. C. 271; Erie & W. V. R. Co. v. Smith, 125 Pa. 259; on the second assignment they cited: Heckert v. Haine, 6 Binn. 16; Ramsey v. Johnson, 3 P. & W. 293; Fitler v. Eyre, 14 Pa. 392.

*James McGiffin* and *M. L. A.* and *B. E. McCracken,* for appellee, were not heard, but cited in printed book on the first assignment, Burns v. Sutherland, 7 Pa. 103; Churchman v. Smith, 55 Pa. 407; Cooper v. Altimus, 62 Pa. 486; Burkholder v. Stahl, 68 Pa. 371; Walker v. Humbert, 55 Pa. 407; Fox v. Fox, 96 Pa. 60; Phila. & Reading R. R. v. Getz, 113 Pa. 214; on the second assignment, 1 Greenleaf on Evidence, sec. 82.

PER CURIAM, October 24, 1895:

There is nothing in either of the assignments of error to warrant a reversal of the judgment. In the first, the subject of complaint, is that "the court erred in not instructing the jury to disregard entirely" the improper and irrelevant testimony, elicited by the plaintiff's cross-examination of the defendant, recited therein. This admittedly improper testimony was immediately stricken out by the learned trial judge on motion of

defendant's counsel. He thus promptly did all he was asked to do, and should not be convicted of error for not doing more. As to the second assignment, the court was clearly right in sustaining the objection and excluding secondary evidence of the contents of the bill shown to be in existence, but not produced.

Judgment affirmed.